## SHUFFLEBARGER v. OLLEMAN.

[No. 2,856. Filed February 1, 1899.]

PRACTICE.—*Evidence.*—*Affirmative Defense.*—An affirmative defense in the trial of a civil action must be established by a preponderance of the evidence. *p. 532.*

EVIDENCE.—*Weight.*—*Appeal and Error.*—The Appellate Court will not reverse a judgment on conflicting evidence, where there is some evidence sustaining the judgment. *p. 534.*

From the Morgan Circuit Court. *Affirmed.*

*W. R. Harrison,* for appellant.

*Oscar Matthews,* for appellee.

WILEY, J.—Appellee sued appellant in ejectment before a justice of the peace, and recovered judgment for possession and $5 damages. Appellant appealed to the court below, where the cause was tried by the court without the intervention of a jury, resulting in a finding and judgment for appellee. Appellant's motion for a new trial was overruled, and on appeal he has assigned error, (1) that the complaint does not state a cause of action, and (2) that the court erred in overruling the motion for a new trial. Appellee urges that the causes assigned for a new trial do not present any question for review, and that the evidence is not in the record. The reasons assigned in the motion for a new trial are statutory, and, while the language used is not in strict harmony with the wording of the statute, yet the objections urged, both

against the motion for a new trial and to the evidence not being in the record, are somewhat technical, it is proper for us to waive such technicalities, and decide the case upon its merits.

Appellant was a tenant of appellee, under a written lease. By the terms of the lease the tenancy commenced on March 1, 1896, and ended on the last day of February, 1898. At the expiration of this lease, appellant held over, and he contends that his so holding over was by a subsequent agreement with appellee that he was to have the premises for another year.

The only question discussed by appellant is the sufficiency of the evidence to sustain the finding and decision of the trial court. As the appellate tribunal will not weigh the evidence, where there is a conflict, and there is some evidence in the record to support the judgment, there must be an affirmance, unless some reversible error is presented by the record. In the case before us the record does not present any question, and no question is discussed, as we have seen, except that the evidence does not support the finding. Appellant insists that on August 5, 1897, before the expiration of his tenancy under the lease, he entered into an agreement with appellee to the effect that he was to have the use of the premises another year, beginning March 1, 1898. As this was an affirmative defense to appellee's cause of action, it was necessary for him to establish this subsequent agreement by a preponderance of the evidence. The decision, therefore, rests upon the question: Did appellant and appellee enter into an agreement whereby appellant was to have the premises for a year from March 1, 1898? Appellee testified that she did not make any such agreement, and gave appellant no permission to remain after the last day of February, 1898. Appellant claims, and so testified, that the

agreement he relied upon was made in the office of one E. E. Stevenson, in Indianapolis. Mrs. Hanch testified that she was at the office of Mr. Stevenson on said day, and heard all that was said, and saw all that was done, and that no such agreement was made. Mr. E. E. Stevenson testified that appellant and appellee, Mrs. Hanch, and a Mr. Park came to his office on the occasion named; that appellant brought with him a written lease; that appellant read over the lease he had; that it was not satisfactory to appellee; that he (Stevenson) told them that he would write a lease that he thought would suit; that there was a difference between them as to the rent to be paid, and the surety appellant was to give to secure the payment of rent; that the lease he did prepare was not satisfactory to appellant; that there was also a difference between them as to repair work that appellant was to do; that they left his office without coming to any agreement upon that point; that when they left his office they said they would come back the next week, and, if they could agree, they would sign the lease. The evidence further shows that appellant and appellee did not return to Mr. Stevenson's office, that the lease was never signed, and that it was afterwards destroyed. In behalf of the appellant there is some evidence that an agreement was reached in the office of Mr. Stevenson on the day mentioned, between appellant and appellee, as to all the terms and conditions of the lease; that it was not signed on that day, because it was late, and they agreed to meet there the following Tuesday to sign the lease; that appellant went to the office of Mr. Stevenson on that day to sign the lease and perform his part of the agreement, but it is not claimed by appellant that the lease was ever executed. Appellant testified to these facts, and was

corroborated by another witness. Appellant also testified that he sowed some wheat on the farm in the fall of 1897, in the belief that he had leased it for the year following; but as to this appellee testified that she told appellant she did not want him to sow any wheat, and that she would not suffer it to be done under any circumstances. There is a great deal of evidence about matters which have no relevancy to the real question in issue, and we need not refer to it. The trial court had the witnesses before it, heard all the evidence, and determined all material questions of fact in favor of appellee. From the evidence the trial court could, and doubtless did, conclude that the minds of the parties never met, and hence never agreed upon any contract for a continuance of the lease. In any event, there is an abundance of evidence from which the court could have reached the conclusion it did, and there being evidence to support the judgment, we cannot disturb it. The judgment is affirmed.